UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| XAVIER SMITH, | Case No. 22-10820 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| JOHN PURDOM, *et al.*, | Anthony P. Patti |
| | United States Magistrate Judge |
| Defendants. | |
| _____ / | |

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 76), ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S JULY 11, 2024 REPORT AND RECOMMENDATION (ECF No. 73) and DENYING MOTION FOR APPOINTMENT OF TRIAL COUNSEL AS MOOT (ECF No. 74)**

**I.    PROCEDURAL HISTORY**

Plaintiff, Xavier Smith, a prisoner in the custody of the Michigan Department of Corrections, brings this prisoner civil rights lawsuit against several defendants, alleging violations of his First and Eighth Amendment rights. (ECF No. 1; ECF No. 38). As explained in the Magistrate Judge's July 11, 2024 Report and Recommendation (R&R), Smith appears to be complaining about three separate incidents: (1) a physical assault against him which begin with Sgt. Purdom "attacking" him and shouting racial slurs, Defendant Taro choking him while making degrading comments, Defendant Stewart deploying a taser, and a John Doe officer hitting him in the head and body multiple times; (2) Defendants Isrow,

1

Slayer, and Harvey retaliating against him and discarding his television; and (3) an alleged sexual assault on March 29, 2021. (ECF No. 73, PageID.652-53, citing ECF No. 38, PageID.231, 233).

The court referred this matter for all pretrial proceedings to Magistrate Judge Anthony P. Patti. (ECF No. 14). All Defendants filed a motion for summary judgment. (ECF No. 65). In his initial scheduling order, Judge Patti set forth his practice guidelines regarding summary judgment motion, as he explains in his R&R:

> Any movant for summary judgment must begin their motion "with a 'Statement of Material Facts' consisting of separately numbered paragraphs briefly describing the material facts underlying the motion, sufficient to support judgment." (ECF No. 22, PageID.100.) The "[p]roffered facts must be supported with citations to the pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits." (*Id.*) Defendants' brief followed these requirements and set forth a four-page "Statement of Material Facts," along with the required factual support and citation for each proffered fact. (ECF No. 65, PageID.394-97.)
>
> My scheduling order also required the party opposing summary judgment to adhere to certain standard protocols: "The response to a Rule 56 Motion must begin with a 'Counter-statement of Material Facts' stating which facts are admitted and which are contested." (ECF No. 22, PageID.101.) Further, "[i]f any of the moving party's proffered facts are contested, the non-moving party must explain the basis for the factual

2

> disagreement, referencing and citing record evidence."
> (Id.) The scheduling order clearly set forth that, "Any
> proffered fact in the movant's Statement of Material
> Facts that is not specifically contested will, for the
> purpose of the motion, be deemed admitted." (*Id*.)

(ECF No. 73, PageID.656-657).  In the R&R, Judge Patti found that Smith wholly ignored these requirements and failed to address Defendants' statement of facts. *Id*. at 657.  Further, Smith's own statement of facts was not supported by any citation to the record or included a citation with no indication of its relevance.  *Id*. Accordingly, Judge Patti concluded Smith had admitted the facts numbered 8-31 in Defendants' motion.  *Id*. at PageId.657-661.  Based on these facts and the facts found at the hearing on Smith's major misconduct charges (which Judge Patti found to have preclusive effect), the R&R concludes that Smith failed to identify any jury question on the Eighth Amendment claim.  As to the First Amendment retaliation claim, Judge Patti concluded that Smith failed to show he engaged in any protected conduct precipitating the alleged retaliation.  (ECF No. 73, PageID.680-683).  Accordingly, Judge Patti concluded that Smith also failed to create a jury question on the First Amendment claim. *Id*. at PageID.683.

Smith filed objections to the report and recommendation.  (ECF No. 76). Defendants filed a response.  (ECF No. 77).  For the reasons set forth below, the court **OVERRULES** Smith's objections (ECF No. 76), **ACCEPTS** and **ADOPTS** the

3

Magistrate Judge's July 11 Report and Recommendation (ECF No. 73), and **GRANTS** Defendants' motion for summary judgment (ECF No. 65). The court further **DENIES** Plaintiff's motion for appointment of counsel for trial as moot. (ECF No. 74).

## II. LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v.*

4

*Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").  In sum, the objections must be clear and specific enough that the court can squarely address them on the merits.  *See Pearce*, 893 F.3d at 346.  And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error."  *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

### III. PLAINTIFF'S OBJECTIONS

Smith offers 41 different purported objections to the R&R.  Defendants argue that none of Smith's objections are proper because they merely rehash his prior arguments and are vague and unclear, and thus need not be reviewed de novo.  The court agrees that Smith's objections are not proper.  For example, in Objection #1, Smith identifies page 2 of the R&R and says "After defendants had control after Sutton I was still be assaulted. After being place[d] into handcuffs I was still being assaulted and I was never moving. Which resulted in long term

5

injuries. [See Exhibits #1-2]." (ECF No. 76, PageID.692). The court is unable to discern which part of the analysis in the R&R Smith objects or the basis for the objection. Plaintiff's other objections are equally unclear. For example, in Objection #3, Smith identifies page 4 of the R&R and writes "Plaintiff submitted mult. Evidence where defendant states they can't remember nor do they recall. I submit mult. Defendant statements and prove of evidence. [See Exhibits #7-13]". *Id*. at PageID.693. And, in Objections #4, Smith says he has proven multiple genuine issues of material fact and cites a number of exhibits. *Id*. All of Smith objections are similarly unclear, vague, and improper. And with each objection, Smith cites to multiple exhibits, but make no effort to identify where such exhibits can be found in the record and what specifically in those exhibits supports each objection. It is not the court's job to search the record in support of Smith's arguments. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones"); *see also Emerson v. Novartis Pharm Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011) (quoting *United States v. Dunkel*, 927 F.2d 955, 956) (7th Cir. 1991) ("'Judges are not like pigs, hunting for truffles' that might be buried in the record.").

It is well-established that objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Howard*, 932 F.2d at 508–09 (A general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.). Moreover, the district court need not provide de novo review where the objections are "[f]rivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir. 1982)). Further, the parties have "the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (quoting *Nettles*, 677 F.2d at 410 (footnote omitted)). On review of Smith's objections, the court finds that they fail to properly identify any portion of the R&R that the court should consider, and they are so unclear, vague, general, and unsupported by proper references to the record that the court need not consider them any further.

**IV.    CONCLUSION**

For the reasons set forth above, the court **OVERRULES** Smith's objections (ECF No. 76), **ACCEPTS** and **ADOPTS** the Magistrate Judge's July 11, 2024 Report and Recommendation (ECF No. 73), and **GRANTS** Defendants' motion for summary judgment (ECF No. 65). Additionally, Plaintiff's motion for the

7

appointment of counsel for trial is **DENIED** as moot (ECF No. 74).  This is a final

order and closes the case.

    **SO ORDERED**.

Date:  August 23, 2024                          <u>s/F. Kay Behm</u>
                                                  F. Kay Behm
                                                  United States District Judge